UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                       Case No. 18-44012

    ANTOINETTE MIZRACHI                              Chapter 7


                                   Debtor.
-------------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER PURSUANT TO
## 11 U.S.C. § 362(d) GRANTING RELIEF FROM THE AUTOMATIC STAY

      **PLEASE TAKE NOTICE** that a hearing will be held to consider the motion of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by its attorney Kevin T. MacTiernan, for an order pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (i) granting relief from the automatic stay, imposed by 11 U.S.C. § 362(a), pursuant to FRBP 4001, 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(2) permitting Movant leave to take any and all action under applicable state law to exercise its remedies against the property located at 1786 East 2nd Street, Brooklyn, NY 11223 (hereinafter the "Property"); (ii) granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) for such other further and different relief as may seem just, proper and equitable. The hearing will be held before this Court as set forth below:

| | |
|---|---|
| U.S. Bankruptcy Judge: | Honorable Elizabeth S. Stong |
| U.S. Courthouse: | Conrad B. Duberstein<br>U.S. Bankruptcy Courthouse<br>271-C Cadman Plaza East<br>Brooklyn, NY 11201-1800 |
| Return Date and Time: | January 10, 2019 at 9:30 am |

Dated: November 16, 2018      Cohn & Roth, LLC
      Mineola, New York

                      By:   /s/ Kevin T. MacTiernan
                            Kevin T. MacTiernan
                      Attorneys for Movant
                      100 E. Old Country Road
                      Mineola, New York  11501
                      (516) 747-3030

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing Day and Time:**
January 10, 2019 at 9:30 am

-------------------------------------------------------------X

In re:

      ANTOINETTE MIZRACHI

Case No. 18-44012
Chapter 7

Debtor.

-------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

      Kevin T. MacTiernan, an attorney admitted to practice before the Eastern District of New York Bankruptcy Court, hereby affirms under penalty of perjury that:

      1.     I am an associate with the firm of Cohn & Roth, LLC, the attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter, "Movant").  I am familiar with the facts set forth herein based upon information and documentation supplied to me by Movant.  I make this affirmation in support of the motion of Movant  for an Order: (i) modifying and terminating the automatic stay, in place pursuant to § 362(a) of the Title 11 of the United States Code, to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 1786 East 2nd Street, Brooklyn, NY 11223 (hereinafter, the "Property") by virtue of Rules 4001 and 9014 of the Federal Rule of Bankruptcy Procedure and §§ 362(d)(1) and 362(d)(2) of the Bankruptcy Code; (ii)  granting $350.00 in reasonable attorney's fees and $181.00 for the filing fee necessary to bring the Motion; and (iii) granting Movant such other further and different relief as may seem just, proper and equitable.

      2.     The Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Antoinette Mizrachi (the "**Debtor**"), for the purpose of securing to Washington Mutual Bank, FA (hereinafter, the "Original Mortgagee") payment of the principal sum of $581,250.00, with interest thereon, on or about January 13, 2006, for a valuable consideration, executed and delivered to the Original Mortgagee a Adjustable Rate Note dated on that day (hereinafter "Note"), whereby the Debtor undertook and promised to pay to the Original Mortgagee the principal sum and interest thereon at the rate provided for therein.  The Note is annexed hereto as Exhibit "A".

4.      As collateral security for the payment of indebtedness, the Debtor executed and delivered to the Original Mortgagee a mortgage (hereinafter "Mortgage") dated January 13, 2006 and recorded with the Office of the City Register of the City of New York in CRFN 2006000074343.  The Mortgage is annexed hereto as Exhibit "B".

5.      The Note was endorsed in blank and delivered to Movant. *See:* Exhibit "A".

6.      The Mortgage was assigned to Movant through a series of assignments. The assignments are collectively annexed hereto as Exhibit "C".

7.      The Mortgage constitutes a lien upon the Property. The Property is the principal residence of the Debtor.

8.      Movant is the present owner and holder of the Note and Mortgage on the Property.

9.      Movant, as holder of the Note and Mortgage, desires to commence or continue its action to foreclose upon the Mortgage.

10.      On July 12, 2018, the Debtor filed a voluntary petition for relief with the Court pursuant to Chapter 13[1] of the Bankruptcy Code.  By reason of the Debtor having filed the

---

[1]The case was thereafter converted to a Chapter 7.

Petition, Movant, the holder of the Note and Mortgage, is presently stayed from proceeding with any action under applicable state law to exercise its remedies against the Property.

11.     Annexed hereto as Exhibit "D" is the Relief from Stay — Real Estate and Cooperative Apartments (the "Bankruptcy Worksheet"), as required by General Order 347 of this Court.

12.     Movant should be granted relief from the Automatic Stay for the following reasons:

(a)     the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization, 11 U.S.C. §362(d)(2);

(b)     the Debtor's failure to make monthly payments to Movant establishes sufficient cause to grant it relief from the Automatic Stay, 11 U.S.C. §362(d)(1); and

(c)     the Debtor's lack of equity in the Property and failure to make timely payments to Movant has placed it in a position of being inadequately protected, 11 U.S.C. §362(d)(1).

A.   LACK OF EQUITY FOR THE ESTATE

13.     Pursuant to § 362(d)(2) of the Bankruptcy Code, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2)(A)-(B).

14.     As of November 8, 2018, the Debtor's outstanding balance on the debt owed to Movant is $987,441.82. *See* Exhibit "D".

15.    Annexed hereto as Exhibit "E" is a copy of a schedule from the Debtor's Bankruptcy Petition demonstrating that the Property's market value is $550,000.00.  Given this value, the Debtor has no equity in the Property.

16.    Movant submits that the Property is not necessary for an effective reorganization as the instant case is a Chapter 7 liquidation.

17.    Thus, the Court should grant relief from the Automatic Stay because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

## B.   FAILURE TO MAKE REGULAR MONTHLY MORTGAGE PAYMENTS

18.    Furthermore, § 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Automatic Stay "for cause".  While "cause" is not defined by the Bankruptcy Code, courts have held that "[a] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay."  *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012); *see also In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) ("This is particularly true where a debtor lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor.").

19.    Movant has informed our office that the Debtor has failed to make regular monthly payments as they come due, including late payment charges, inspections and other loan charges for the months of August 2018 through November 2018. *See:* Exhibit "D".  Thus, Movant has "cause" for relief from the Automatic Stay pursuant to § 362(d)(1) due to the Debtor failure to make regular mortgage payments.

## C.  LACK OF ADEQUATE PROTECTION

20.    Finally, § 362(d)(1) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay for "cause, including the lack of adequate protection[.]"

21.    As detailed in Part "B" above, Movant has informed our office that the Debtor has failed to make regular monthly payments as they come due.  *See:* Exhibit "D".  By failing to make payments to Movant, the Debtor has demonstrated an inability to make the regular payments.

22.    Furthermore, as detailed above in Part "A", the Mortgage debt now exceeds the value of the Property it is secured by.

23.    In light of the Debtor's failure to make regular monthly mortgage payments and the lack of any equity in the Property, the Movant's security interest in the Property is inadequately protected and Movant is entitled to relief from the Automatic Stay pursuant to §362(d)(1) of the Bankruptcy Code.

## CONCLUSION

24.    As a result of the Debtor's default, Movant has been required to protect its security interest by the filing of this Motion and is therefore entitled to the attorneys fees and costs of this Motion.   Moreover, the mortgage held by Movant provides that the Debtor shall pay to it, all sums expended by it due to the default, including reasonable attorney's fees.  Movant has expended the following sums in relation to the Motion: $350.00 in reasonable attorneys fees and a $181.00 filing fee.

25.    It is evident from all of the above that the Movant is entitled to relief from the Automatic Stay.  Accordingly, Movant requests that the Proposed Order, annexed hereto as Exhibit

"F", be signed as submitted and entered on the docket.  The Proposed Order was served on all interested parties.

       **WHEREFORE**, it is respectfully requested that an Order be issued vacating the Automatic Stay by virtue of 11 U.S.C. §§ 362(d)(1) and 362(d)(2) as to Movant; granting Movant, its agents, assigns or successors in interest leave to take any and all action under applicable state law to exercise its remedies against the Property; granting attorney fees and costs; and for such other further and different relief as may seem just, proper and equitable.

Dated: November 16, 2018
       Mineola, New York

Cohn & Roth, LLC

By:    /s/ Kevin T. MacTiernan
       Kevin T. MacTiernan
Attorneys for Movant
100 E. Old Country Road
Mineola, New York  11501
(516) 747-3030

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:                                                                    Case No. 18-44012

    ANTOINETTE MIZRACHI ,                                   Chapter 13


                                       Debtor.
--------------------------------------------------------------X          **AFFIDAVIT OF SERVICE**


STATE OF NEW YORK     )
                            )   ss.:
COUNTY OF NASSAU      )

         Christina Ahlsen, being duly sworn, deposes and says:

         1.      I am over the age of 18 years and reside at Suffolk County, New York.

         2.      On November 16, 2018, I served the within Notice of Motion, Supporting Affirmation with

exhibits, and Proposed Order upon the Office of the U.S Trustee; Gregory Messer, Esq., Trustee; Joseph Y. Balisok,

Esq., Attorney for Debtor; and Antoinette Mizrachi, the Debtor, and any Creditors who have filed a Notice of

Appearance by depositing a true copy thereof in a properly sealed, postpaid First Class Mail envelope, in a post office

box regularly maintained by the Post Office of the United States addressed as follows:

Office of the United States Trustee    Antoinette Mizrachi      Fein, Such & Crane, LLP
Eastern District of NY (Brooklyn    *Debtor*                *Attorneys for U.S. Bank Trust, N.A. as*
Office)                         1786 East 2nd Street      *trustee for LSF9 Master Participation Trust*
U.S. Federal Office Building       Brooklyn, NY11223       Mark K. Broyles, Esq.
201 Varick Street, Suite 1006                         28 East Main Street, Suite 1800
New York, NY 10014                             Rochester, NY 14614

Gregory Messer, Esq.           Joseph Y. Balisok, Esq.     RAS CRANE, LLC
*Chapter 7 Trustee*             *Attorney for Debtor*        *Attorneys for U.S. Bank Trust, N.A. as*
Law Offices of Gregory Messer    Balisok & Kaufman PLLC    *trustee for LSF9 Master Participation Trust*
26 Court Street                251 Troy Avenue          Kevin Toole, Esq.
Suite 2400                    Brooklyn, NY 11213      10700 Abott's Bridge Road, Suite 170
Brooklyn, NY 11242                             Duluth, GA 30097

that being the address designated on the latest papers served by them in this action.

Sworn to before me on
16ᵗʰ day of November, 2018
                            Christina Ahlsen

Notary Public

       **Carrie Altenburg**
     Notary Public - State of New York
        No. 01AL6375398
      Qualified in Suffolk County
   Commission Expires May 21, 20__